**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| MARCUS LAVON WRIGHT | ) | |
| | ) | |
| ADC # 122117 | ) | **Case No. 5:10-CV-00344 JMM-JTK** |
|     Petitioner, | ) | |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, | ) | |
| Arkansas Department of Correction | ) | |
|     Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**Instructions**

    The following recommended disposition has been sent to United States District Court Judge James M. Moody.   Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**Disposition**

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Marcus Lavon Wright on December 1, 2010 (Doc. No. 2).  A response was filed by Respondent Ray Hobbs on April 20, 2011 (Doc. No. 15).  Petitioner filed his reply on May 31, 2011 (Doc. No. 16).  After reviewing the Parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

**Background**

On June 24, 2008, Petitioner pled guilty in the Pulaski County (Arkansas) Circuit Court to manslaughter, three counts of aggravated assault, fleeing, simultaneous possession of a controlled substance and a firearm, leaving the scene of an accident involving death, possession of marijuana with intent to deliver, and possession of codeine with intent to deliver.  A charge for possession of a firearm by a felon was entered as a *nolle prosequi*.  He was sentenced to 780

months' confinement in the Arkansas Department of Correction because he was considered a repeat offender.[1]   Aside from the manslaughter and simultaneous possession of a controlled substance and a firearm sentences, which ran consecutively, all other sentences ran concurrently.

On August 26, 2008, Petitioner pled guilty to possession of a controlled substance and furnishing a prohibited article to a minor.  The resulting sentences were set to run concurrently with his previous sentences. It does not appear that Petitioner sought any postconviction relief pursuant to Ark. R. Crim. P. 37.1.

On December 22, 2008, Petitioner pled guilty to being a felon in possession of a firearm in the United States District Court for the Eastern District of Arkansas.  This conviction apparently arose from the same events that were the basis for the state convictions described above.  Petitioner was sentenced to 188 months' imprisonment, with only 60 of those months running consecutively to his state imprisonment.

## Discussion

Although it is difficult to discern from his petition, Petitioner appears to request relief pursuant to 28 U.S.C. § 2254 based on the following grounds: 1) he received ineffective assistance of counsel because his attorney should have filed a motion for a new trial based on the police brutality and juror misconduct; 2) the state court's decision was unreasonable under 28 U.S.C. § 2254(d); 3) his right to a speedy trial was violated; 4) the trial court erred by refusing to allow presentation of evidence that Petitioner was severely abused by a Little Rock

---

[1]  It is unclear what triggered this classification, but the Judgment and Commitment Order indicates that he was on probation at the time of the convictions (Resp't's Resp. Ex. A, Doc. No. 15). Petitioner argues that the repeat offender status arises from offenses that were committed while he was a minor, but the relevance of this is not explained.  In any event, this issue does not need to be addressed for the reasons discussed below.

police officer; 5) the subsequent federal conviction was a violation of the Double Jeopardy Clause; 6) the violation of the Double Jeopardy Clause was prosecutorial misconduct; 7) the prosecution failed to prove all elements of the offenses; 8) there was insufficient evidence to support his convictions.[2]  However, these claims must be denied because Petitioner's claims are time-barred.[3]

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The relevant start date for limitations purposes was August 26, 2008, the date that Petitioner's judgments of conviction was entered, because Petitioner's guilty plea precluded him from seeking any direct appeal under Arkansas law. Ark. R. App. Proc.—Crim. 1(a).  Thus, Petitioner was required to file his federal habeas petition by or before August 26, 2009.  The current petition was not filed until December 1, 2010.

There is no argument or indication that any of the statutory exceptions to the one-year period of limitation apply.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim).  Nor is there any reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*,

---

[2]  Petitioner only discusses ineffective assistance of counsel and speedy trial violations in his "claims for relief" section, but the Court has included all of the potential issues that his petition mentions in an effort to be thorough.

[3]  The Court would note that Petitioner's claims are also procedurally-barred because he failed to raise them in state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) ("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted.").

231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Accordingly, the Court finds that the Petitioner's petition is time-barred.

Petitioner's claims could not succeed even if they were not barred.  First, Petitioner's claims regarding juror misconduct, his counsel's failure to file a motion for a new trial, the state court's unreasonable decision, the court's refusal to allow presentation of evidence, the prosecution's failure to prove all of the elements, and the insufficiency of evidence do not make sense because Petitioner pled guilty to all of the charges.   Second, Petitioner's arguments regarding the brutality he suffered at the hands of a Little Rock police officer have nothing to do with his conviction.   These claims would be more appropriate in an action under 42 U.S.C. § 1983 because there is no basis for relief under a petition for a writ of habeas corpus. Finally, Petitioner's arguments regarding the Double Jeopardy Clause are unfounded.  It has been well established that a state conviction does not prevent a subsequent federal conviction regarding the same acts. *United States v. Lanza*, 260 U.S. 377, 381 (1922); *see also Heath v. Alabama*, 474 U.S. 82, 90 (1985) (discussing this topic in the context of its holding that a state conviction does not prevent a subsequent conviction by another state for the same acts under the Double Jeopardy Clause).

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

SO ORDERED this 30th day of April, 2012.

_____
United States Magistrate Judge